Filed Via Mail
MAR 01 2024
CLERK, US BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
Orlando DIVISION
5 Pages Scanned by FC

Date: February 26, 2024

**Amend Motion**

UNITED STATES BANKRUPTCY COURT

MIDDLE DISTRICT OF FLORIDA

In re:

Daniel Lee Bendix                                Case No. 6:23-bk-04674-GRR

Debtor, SS#-2741

_____Debtor*_____/                       Chapter 7

Alicia Camille Latty

    Plaintiff*

Vs.                                                          Adv. Pro. No. 6:23-ap-00151-GER

Daniel Lee Bendix

_____Defendant*_____/

**AMENDED MOTION TO OPPOSE DISCHARGE OF DEBT BASED ON FRAUD AND MALICIOUS INJURY PURSUANT TO 11 U.S.C. SECTION 523 (a)(2) A , SECTION 523(a)(4) and Section 523(a)(6)**

COMES NOW, ALICIA LATTY, PRO SE, and files this objection to Daniel Lee Bendix petition for discharge of debt for the following reasons:

On count I, I assert that Mr. Bendix knowingly made false statements with the intent to deceive me and my family. My family and I relied on these statements to our detriment. This falls under the purview of Section 523(a)(2)(A).

In Count II of my assertion, I contend that Mr. Bendix inflicted deliberate and malicious harm upon me and my family through the commission of embezzlement or larceny. This egregious act was facilitated through the use of false pretenses, false representation, and acts of actual fraud. Specifically, Mr. Bendix orchestrated the removal of building materials from my property, for which I was rightfully billed. However, he failed to fulfill his financial obligations to the merchant, resulting in the placement of a lien on my home. This calculated scheme not only caused direct financial harm but also disrupted the stability and security of my family's living situation.

Under Section 523(a)(4) and (a)(6) of the United States Code, I assert that Mr. Bendix's actions fall within the scope of non-dischargeable debts. By engaging in embezzlement or larceny and willfully inflicting harm through deceitful means, Mr. Bendix violated fundamental principles of trust and integrity. It is imperative that justice is sought to remedy the damages incurred and to prevent further malicious conduct from impacting me and my family's well-being.

1. On June 6, 2020, I entered into a contract with Jaks Designs and Project Management, owned by Daniel Lee Bendix, contractor to provide blueprint service for an addition to my residence located at 223 Manly Avenue, Sebastian, FL 32958.
2. On March 11, 2021, Mr. Bendix assured me that he had the competency, capacity, and capability to complete my project in a timely manner. Mr. Bendix then requested and received a check for the value of $25,000.00 to initiate the project. This payment was scheduled to be used across the entire project, covering employee and materials costs. See Check #241 attached.
3. On August 19, 2022, Mr. Bendix gave me a fraudulent invoice for trusses. He told me the trusses cost $24,997.01 and requested and received half $12,498.51 for trusses. But the trusses were never built or delivered. See Check #321 attached.

4. On July 21, 2023, Mr. Bendix requested an additional $7,499.00 money for trusses. When I asked why I was paying for trusses again, he stated that the first payment was a down payment. His statements were false. He had never ordered the trusses I paid another $7,499.00 with Check #431 for floor and roof trusses. Bringing the amount paid for trusses to $19,997.51based upon his false statements that he was purchasing the trusses.
5. According to the invoice Mr. Bendix the trusses total cost was $24,997.01. He told me that after I paid the $19,997.51, the remaining $4,999.50 would be taken from the initial $25,000.00 deposit.
6. Also, on June 21, 2023, he told me that he needed and additional $3,829.96 (check number 432) for purchase of materials and a staircase. The statement was false. He did not purchase the materials or build the staircase.
7. No Trusses were delivered., I called Tibbetts Lumber Company, LLC and learned that Mr. Bendix had lied about the trusses cost. The trusses only cost $11,554.00. I also learned he lied about what he was going to do with the money I gave him for the trusses. Mr. Bendix never sent them the money for the trusses. They were in contact with Mr. Bendix, but he never sent the money or make a deposit on the trusses as he stated to me, in a clear lie. He then actively avoided paying or contacting Tibbetts Lumber Company. The Tibbetts Lumber Company failed communications is attached.
8. During the time Mr. Bendix worked on the property, we failed inspections over thirteen times. The faulty work completed by Mr. Bendix required extensive and costly rework by a new team.
9. He removed materials that I purchased for the project from my property and used it for his business.
10. He failed to pay his subcontractors which resulted in liens being placed on my property. I still have a lien that has not been removed from the property that he promised to take care of right before he filed bankruptcy. The lien is attached.
11. I filed a complaint against Mr. Bendix with the Department of Business and Professional Regulation in Tallahassee and an investigation is ongoing. In fact, Nolan Wilson, the investigator tried contacting Mr. Bendix several times, but he did not respond, evading

his calls. Eventually, Mr. Bendix was informed that he was under investigation and filed for bankruptcy.

12. Mr. Wilson, was notified about Mr. Bendix's bankruptcy filing, which Mr. Bendix submitted immediately after being notified of the investigation. Please see attached copy of complaint.

13. Mr. Bendix has shown clear intent to hinder, delay, and defraud me of both services and money.

14. It is apparent that Mr. Bendix received at least $24,997.01 only weeks before filing the bankruptcy and did not pay his employees or use the money for the purpose intended to purchase trusses or fix my residence, therefore he is trying to defraud a creditor by hiding the money and pretending that he is bankrupt. He has received over $75,000 from me to do work on my home. See Attached paperwork regarding the complaint and the contact information for the investigator.

15. Before this point, in a face-to-face meeting I requested a completion of services already paid for or a refund from Mr. Bendix, weeks before he filed for bankruptcy. Mr. Bendix promised to make it right, and he promised to do the right thing.

16. After reaching out again, Mr. Bendix stated you will receive paperwork in the mail. I then received the bankruptcy paperwork.

17. In the comments and reviews section for Jaks Designs and Project Management, other clients have made similar complaints about misappropriated, or stolen funds. This shows a clear pattern of criminal conduct by Mr. Bendix.

18. With little consideration, Mr. Bendix had every intention to defraud me of my hard-earned income and wants to use the bankruptcy code to behave with criminal intent.

Wherefore, I humbly request that the Court deny his request for bankruptcy regarding me as a creditor.

A copy of this filing has been provided to Mr. Daniel Lee Bendix at his home address: 1811 Brookshire Circle, Melbourne, FL 32904. Additionally, the debtor's attorney, Mr. Michael Faro, has been informed at his office address: Faro & Crowder, PA, 700 N Wickham Road, Suite 205, Melbourne, FL 32935; and via his email at mfaro@farolaw.com.

Respectfully submitted,

*Alicia C. Latty*
Alicia Camille Latty