**ORDERED.**

**Dated: March 13, 2024**

_Grace E. Robson_
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re ) <br> ) <br> Daniel Lee Bendix, ) <br> ) <br> Debtor. ) <br> ) | Case No. 6:23-bk-04674-GER <br> Chapter 7 |
| ) <br> Alicia Camille Latty, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Daniel Lee Bendix, ) <br> ) <br> Defendant. ) <br> ) | Adv. No. 6:23-ap-00151-GER |

**ORDER (1) GRANTING MOTION FOR
RECONSIDERATION, (2) VACATING ORDER OF
DISMISSAL, (3) STRIKING AMENDED COMPLAINTS,
(4) SETTING DEADLINES, AND (5) SCHEDULING PRETRIAL CONFERENCE**

This proceeding came before the Court on March 12, 2024 at 9:30 a.m. (the "Hearing") upon the *Motion for Reconsideration* (the "Motion for Reconsideration") (Doc. No. 15) filed by Plaintiff Alicia Camille Latty ("Plaintiff"). Plaintiff initiated this adversary proceeding on December 18, 2023, by filing the *Motion to Oppose Discharge of Debt Based on Fraud Pursuant*

*to 11 U.S.C. Section 727(a)(2) Through (7)* (the "Complaint") (Doc. No. 1); however, the *Order of Dismissal* (Doc. No. 5) was entered on January 9, 2024, for Plaintiff's failure to pay the outstanding filing fee. On January 29, 2024, Plaintiff paid the filing fee, amended her Complaint (Doc. No. 8), and filed a *Motion for Reconsideration of Dismissal Order* (Doc. No. 7), which was denied (Doc. No. 9) for improper proof of service. Plaintiff subsequently amended her Complaint three more times (Doc. Nos. 13, 14, and 18) and filed the Motion for Reconsideration.

As provided by Federal Rule of Civil Procedure 15,[1] a party may amend its pleading *once* as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Federal Rule of Civil Procedure 12(b), (e), or (f),[2] whichever is earlier.[3] In all other cases, a party may amend its pleading only with the opposing party's written consent or with leave of the court.[4] As discussed at the Hearing, the operative complaint shall be the *Amended Motion to Oppose Discharge of Debt Based on Fraud and Malicious Injury Pursuant to 11 U.S.C. Section 523(a)(2)(A), Section 523(a)(4) and Section 523(a)(6)* (the "Amended Complaint") (Doc. No. 18). Accordingly, it is

**ORDERED**:

1. The Motion for Reconsideration (Doc. No. 15) is **GRANTED**.

2. The *Order of Dismissal* (Doc. No. 5) is **VACATED**.

3. Certain amended complaints (Doc. Nos. 8, 13, and 14) are **STRICKEN**.

4. The Amended Complaint (Doc. No. 18) shall be the operative complaint.

---

[1] Rule 15 is made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7015.
[2] Rule 12 is made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7012.
[3] Fed. R. Civ. P. 15(a)(1).
[4] Fed. R. Civ. P. 15(a)(2).

5.   Plaintiff shall seek issuance of an alias summons from the Clerk of Court, serve the Amended Complaint and alias summons within 7 days of issuance of the alias summons, and file a proof of service with the Court.

6.   A pretrial conference is scheduled for **May 23, 2024 at 9:30 a.m.** at the George C. Young Federal Courthouse, 400 West Washington Street, Sixth Floor, Courtroom D, Orlando, Florida 32801.

# # #

The Clerk's Office is directed to serve a copy of this Order on all interested parties.