UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

    Daniel Lee Bendix,

        Debtor.
_____/

Alicia Camille Latty,
        Plaintiff,
v.

Daniel Lee Bendix,
        Defendant.
_____/

Case no. 6:23-bk-04674-GER

Chapter 7

Adv. no. 6:23-ap-00151-GER

## **ANSWER AND AFFIRMATIVE DEFENSES**

Daniel Lee Bendix answers the Complaint (Doc. 18) as follows. The first three paragraphs are unnumbered, and are referred to as A, B, and C, respectively, below.

A.    Deny

B.    Deny.

C.    Deny.

1.    Deny that Daniel Lee Bendix is or ever was a contractor, admit remaining allegations.

2.    Deny first sentence. Admit that Mr. Bendix asked for and received a check to JAKS Designs and Project Management Inc. (hereinafter "JAKS") for $25,000.00. Deny third sentence. Deny any documents attached.

3.    Deny. Admit second sentence. Admit third sentence. Deny any documents attached.

4.    Deny due to lack of knowledge regarding specific date and amount. Admit second sentence. Deny third sentence. Deny fourth sentence due to lack of knowledge. Deny fifth sentence.

5.    Admit.

6. Admit first sentence.  Deny second sentence.  Admit not building the staircase, deny not purchasing materials.

7. Admit first sentence.  Deny second sentence, this was not a cost-plus contract, JAKS, like most businesses, incorporates a markup.  JAKS never told Plaintiff what its cost was, only what it was charging her.  Deny remaining allegations in paragraph 7.

8. Deny that Mr. Bendix worked on the property directly, JAKS managed the project and retained subcontractors.  Admit that several inspections were failed.  Deny final sentence due to lack of knowledge.

9. Deny.

10. Deny, the subcontractor that filed a lien was paid by JAKS with instructions to apply the payment to Plaintiff's job, the subcontractor applied the payment to a different job and liened Plaintiff's property.

11. Admit complaint was filed, deny that investigation is ongoing (an agreement has been reached but is awaiting board approval).  Deny second sentence.  Admit that Mr. Bendix was informed that he was under investigation, and admit that he filed for bankruptcy relief, but deny that the filing for bankruptcy relief was a result of the investigation.

12. Deny due to lack of knowledge with respect to what Mr. Wilson was notified about and when.  Deny that Mr. Bendix filed bankruptcy immediately after being notified of the investigation.

13. Deny.

14. Deny.

15. Admit face-to-face meeting, deny that Plaintiff requested a refund, admit that she asked when the project would be completed.

16. Admit.

17. Deny.

18. Deny.

## AFFIRMATIVE DEFENSES

1. Failure to state a cause of action.  The Complaint (Doc. 18) fails to state a cause of action under 11 U.S.C. § 523(a)(2)(A), as it fails to plead with the required particularity with respect to fraud and fails to allege that any false statements were relied upon to Plaintiff's detriment.  The Complaint alleges that Plaintiff entered into a contract with JAKS on June 6, 2020, but doesn't allege that Mr. Bendix made any representations at all before that time.

If Plaintiff was already contractually obligated to pay JAKS before any representations were made, she could not have relied on any representations to her detriment. With respect to particularity, Plaintiff alleges, "On March 11, 2021, Mr. Bendix assured me that he had the competency, capacity, and capability to complete my project in a timely manner." An allegation of fraud requires Mr. Bendix's actual words. Additionally, representations about the capacity and capability to complete the project in a timely manner are ultimately statements about the financial condition of JAKS, an insider. Statements about the financial condition of the debtor or an insider are specifically excluded from 11 U.S.C. § 523(a)(2)(A), and are covered by subsection (B), which requires that the statements be in writing.

2. Failure to state a cause of action. The Complaint also fails to state a cause of action under 11 U.S.C. § 523(a)(4) for embezzlement or larceny. There is no allegation that Mr. Bendix, or JAKS for that matter, took anything from Plaintiff against her will, nor is there any allegation that Mr. Bendix directly or through JAKS owed a fiduciary duty to Plaintiff.

3. Failure to state a cause of action. The Complaint also fails to state a cause of action under 11 U.S.C. § 523(a)(6), as it does not allege that Mr. Bendix intended to harm Plaintiff.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by United States Mail, first-class, postage prepaid, to Alicia Camille Latty at 223 Manly Ave., Sebastian, FL 32958, this 22nd day of May 2024.

Faro & Crowder, PA

By: /s/ Michael Faro
Michael Faro (FBN: 758981)
700 N. Wickham Rd, Suite 205
Melbourne, FL 32935
Phone: 321-784-8158
Email: mfaro@farolaw.com